Bernard S. Meyer, J.
By decree entered herein by Mr. Justice Ritchie on the 11th day of December, 1956, plaintiff was awarded a separation and defendant was directed to pay her as alimony for her support and maintenance the sum of $115 a week. The judgment provided that plaintiff ‘1 out of the payment of alimony for her support and maintenance herein awarded * * * pay all of the carrying charges on the home presently owned by the aforesaid plaintiff and defendant .by the *621 entirety * * * including therein all charges for water, gas, electricity, fuel oil, telephone, insurance The decision of October 31,1956 upon which said order was based, contained the sentence, “ All carrying charges on the home must be paid by the plaintiff out of this sum.” The judgment made no specific provision concerning occupancy of the home, but plaintiff had at the time of the separation judgment and has continued to have sole possession.
Plaintiff now moves, pursuant to section 1164-a of the Civil Practice Act for an order giving directions concerning the real property, including a direction that defendant pay one half of the real estate taxes. Motion granted to the extent of modifying the order of December 11, 1956 by inserting therein a provision that plaintiff shall be entitled to sole possession of the real property, but otherwise denied.
Clearly, section 1164-a authorizes directions concerning real property “ either in the judgment, or by order, so that relief can be given for situations that may exist during the pendency of the action as well as following the judgment ” (1953 Report of N. Y. Law Rev. Comm., p. 486). It follows that a judgment of separation which contains no such provision may be modified to insert one if either (1) the matter was not determined by the final judgment (Nai v. Nai, 129 N. Y. S. 2d 838), or (2) the circumstances on which the original determination was based have changed sufficiently to warrant so doing. Here it is clear from the fact that the separation judgment required plaintiff to pay all carrying charges and that she was then living alone in the premises, that it was intended that she have sole possession of the premises. Plaintiff is, therefore, entitled to an order awarding her sole occupancy.
Plaintiff is not, however, entitled to an order requiring the payment of taxes by the defendant. By the judgment of December 11,1956, she was directed to pay all carrying charges. Carrying charges are normally considered to cover all charges (exclusive of penalties) necessary to carry or maintain the property without foreclosure. (Matter of Campbell, 164 Misc. 640, 644; see Matter of Central Hanover Bank v. 42 Broadway Realty Corp., 172 Misc. 606.) The specification in the judgment of a list of charges without the inclusion of the word ‘ ‘ taxes ’ ’ therein does not militate against this conclusion since, unless the context in which it is used clearly requires otherwise, the word ‘ ‘ including ” is a word of enlargement and not a word of limitation.
Settle order on notice.